IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN MICHAEL HERKA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-150-JJF |
| | : |
| DR. ALI, DR. ROGERS, et al., | : |
| | : |
| Defendant(s). | : |

## MEMORANDUM ORDER

Plaintiff was incarcerated at the Delaware Correctional Center (DCC), Smyrna, Delaware when he filed his complaint, and for a short time thereafter was incarcerated at the Federal Detention Center in Miami, Florida. During the time Plaintiff was incarcerated in Florida, the Court denied as moot, a Motion for Temporary Restraining Order. (D.I. 3, D.I. 19). Now that Plaintiff has returned to Delaware he filed a Motion to Reconsider its denial (D.I. 25), a Motion for Temporary Injunction (D.I. 31), and a Motion to Expedite Request for Temporary Restraining Order (D.I. 45).

Plaintiff, who suffers from a heart condition, moves the Court to order the Delaware DOC to assign outside physicians and nurses for his continued medical care. (D.I. 25). Because he is currently housed in the Segregation Unit, he seeks relief from the Medical Staff and the Delaware DOC for the placement and moves for immediate removal from segregation. Plaintiff's bases for injunctive relief is that the Segregation Unit does not allow

for monitoring or notification of a medical emergency; in Segregation he is precluded from performing physician prescribed rehabilitation exercises; he does not agree with the type of medical care he received from Dr. Rogers; and since September 22, 2005, nurses have not administered his medication. (D.I. 31). He also contends the medical staff ignores his heart condition, putting his life in danger. (D.I. 45).

When considering a motion for a temporary restraining order or preliminary injunction, Plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir.1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Plaintiff seeks relief from the Delaware DOC, a non-party to this case, and the Medical Staff and nurses, but other than Dr.

Rogers provides no specific names. Plaintiff is dissatisfied with the medical treatment he received from Dr. Rogers, and he also desires to receive medical treatment from sources outside the Delaware DOC. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). "[M]ere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990). More so, Plaintiff does not have a constitutional right to his choice of medical care; he has a right to adequate medical care.

Plaintiff also asks to be moved from Segregation fearing that "if" he has another heart episode he would not receive immediate care. This is not a showing of immediate harm, but rather refers to the possibility of a remote future injury.

As to the foregoing, Plaintiff has not demonstrated the likelihood of success on the merits nor has he demonstrated irreparable harm to justify the issuance of either a temporary restraining order or a preliminary injunction.

Two of Plaintiff's allegations, however, give the Court pause. He states that he is precluded from performing physician prescribed rehabilitative exercises, and that as of September 22, 2005, he is not being administered his medication. The Clerk of

the Court is directed to send a copy of this Memorandum Order to Defendant Dr. Burns so he may respond to the request for injunctive relief on these issues.

NOW THEREFORE, IT IS HEREBY ORDERED this 9 day of February, 2006, that:

1. The Motion to Reconsider (D.I. 25) is **DENIED**;

2. The Motion for Temporary Injunction (D.I. 31) is **DENIED IN PART**, as to the issues of removal from the Segregation Unit and medical care received from Dr. Rogers;

3. The Motion to Expedite Request for Temporary Restraining Order (D.I. 45) is **DENIED**;

4. The Clerk of the Court is directed to forward a copy of this Memorandum Order to Defendant Dr. Burns;

5. No later than **February 27, 2006,** Defendant Dr. Burns shall file a response to that portion of the Motion to Issue Temporary Injunction (D.I. 31) relative to rehabilitative exercises and the non-administration of medication. The Court holds its ruling in abeyance on these issues.

UNITED STATES DISTRICT JUDGE